# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RONELY DESHON CHAMBERS,

        Plaintiff,

        Case Number: 05-CV-74046

v.

        HON. BERNARD A. FRIEDMAN

DENNIS STRAUB, ET AL.,

        Defendants.

_____/

## ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE

Plaintiff Ronely Deshon Chambers has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the West Shoreline Correctional Facility in Muskegon, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's claims as to Defendants Straub and Goodin, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted with respect to these defendants.

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> . . .
>
> (B) the action or appeal –
>
> . . .
>
> (ii) fails to state a claim upon which relief may be granted . . .

In his complaint, Plaintiff alleges that, on March 25, 2001, while he was completing the paperwork necessary to be discharged from the G. Robert Cotton Correctional Facility in Jackson, Michigan, he was assaulted by defendant corrections officers Richard O'Connell, Dawn Jacobson, Mike Sawyer, Doug Rohrer, Kurt Simon, Jeffrey Morris, Theodore Hamblin, and Greg Gordon. Plaintiff claims that defendants Michael Goetz and Daniel Bowman, both of whom are Michigan state police troopers, then unlawfully arrested him for assault and battery. Plaintiff states that following a trial in Jackson County Circuit Court, he was found not guilty of the charges.

Plaintiff claims that defendants Straub and Goodin were responsible for the operation of the correctional facility and that they delegated day-to-day responsibility for operation of the facility to subordinate officers. He alleges no specific involvement of Straub or Goodin in the incident on March 25, 2001. Thus, he alleges that they are liable based upon their supervisory authority. The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see* Monell v. Department of Social Services of New York, 463 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff has not alleged that defendants Straub and Goodin encouraged the alleged constitutional violations. Accordingly, this Court must dismiss Plaintiff's claims against those defendants.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims as to Defendants Straub and Goodin are **DISMISSED**.

The Clerk of Court shall serve the complaint on the remaining defendants.

**SO ORDERED.**

BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

DATED: NOV 2 2 2005

---

### CERTIFICATION

I certify that, on the date indicated below, I arranged for service as provided above and that I mailed a copy of this order to plaintiff.

DATED: 11/28/05

Deputy Clerk