UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONELY DESHON CHAMBERS,

      Plaintiff,

v.

DENNIS STRAUB, Warden at the
State Correctional Facility G. Robert
Cotton Correctional Facility, et al.,

      Defendants.

_____/

Case No. 05-74046

District Judge Bernard A. Friedman
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Defendants Goetz and Bowman's *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6)*, filed on February 13, 2006 [Docket #18], along with Defendants Jacobson, Sawyer, O'Connell, Simon, Hamblin, Morris, and Gordon's *Motion to Adopt and Incorporate Co-Defendants Troopers Goetz and Bowman's Motion to Dismiss* [Docket #20] which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).[1] I recommend that both motions [Docket #18, 20] be GRANTED on

---

[1]Pursuant to *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691-695, S.Ct. 2018, 2036-2038, 56 L.Ed.2d 611 (1978), the District Court dismissed Defendants Straub and Goodin on November 22, 2005 [Docket #6] based on Plaintiff's failure to allege that Straub or Goodin, supervisors of the remaining MDOC Defendants, encouraged the alleged constitutional violations. Another Defendant, Rohrer, has not been served.

the basis that Plaintiff's claim is time-barred.[2]

# I. FACTUAL BACKGROUND

On October 21, 2005, Plaintiff, a state prisoner, now confined at the West Shoreline Facility in Muskegon, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff asserts that on March 25, 2001, Defendants Jacobson, Sawyer, O'Connell, Simon, Hamblin, Morris, and Gordon beat him in violation of his Eighth and Fourteenth Amendment right to be free from cruel and unusual punishment. He alleges that following his beating, Defendant Michigan State Police Officers Goetz and Bowman falsely arrested him and charged him with assault.

Plaintiff, housed at G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan at the time of the incident, makes the following factual allegations. At around 7:00 a.m. on March 25, 2001, after receiving his discharge papers for release from prison, Plaintiff arrived at the facility's quartermaster building in anticipation of receiving civilian clothes. *Complaint* at ¶4. After informing non-defendant Officer King of his clothing sizes, Plaintiff and King argued about whether Plaintiff's state-issued clothing should include shoes. *Id.* at ¶5. Officer King then ordered Plaintiff to return to the Control Center and direct his complaints to Sergeant Weaver, who subsequently informed Plaintiff that he would not receive shoes. *Id.* at ¶7. When Plaintiff asked to speak with the shift commander, Defendant Jacobson,

---

[2]The Court did not address Defendants' additional arguments for dismissal on the basis of qualified and Eleventh Amendment immunity or Defendants Goetz and Bowman's separate argument that Plaintiff's claims are collaterally estopped.

identifying herself as the shift commander, ordered Plaintiff to sit down and be quiet. *Id*. at ¶9.  Plaintiff was then asked to sign some papers indicating that he had received a "Prison Package." *Id.* at ¶10.  When Plaintiff demanded to know why his package did not include a bus ticket or 75 dollars, Defendant O'Connell informed Plaintiff that whatever "the state owes you" would be forwarded.  *Id*. at ¶11.  Plaintiff, indicating that he would not sign a document which falsely indicated that he had received 75 dollars, asked to speak with a captain. *Id*. at ¶¶12, 16.  Defendant O'Connell told Plaintiff to sit down and be quiet.  *Id*. at ¶17.  As Plaintiff then began to write the names of the present officers on a piece of paper, Defendant Jacobson advised Plaintiff that when he sued her, he should be sure to spell her name correctly, to which Plaintiff replied "I most definitely will."  *Id*. at ¶¶18-19.  Jacobson then ordered officers to transport Plaintiff to  "room five." *Id*. at ¶20.

Approximately 30 minutes later, Plaintiff, still detained, knocked on the room's window to get the attention of Defendant Sawyer, who told him to direct his complaints to Defendants Jacobson and O'Connell.  *Id*. at ¶¶23-24. Thirty minutes later, Defendant O'Connell refused Plaintiff's request to use a restroom. *Id*. at 25.  After Plaintiff again began to knock on the window of the room, demanding to see a captain, O'Connell and Sawyer entered the room, ordering Plaintiff to put his hands behind his back.  *Id.* at ¶27.  Sawyer struck Plaintiff in the face with a closed fist after Plaintiff once again demanded to speak to a captain.  *Id*. at ¶¶30-31.  As Defendant O'Connell grabbed Plaintiff by the legs, Defendant Rohrer entered the room, slamming Plaintiff, Sawyer, and O'Connell to the floor.  *Id.* at ¶¶32-33.  They were joined by Jacobson, who kicked Plaintiff's torso, as well as Defendants

-3-

Simon, Morris, Hamblin, and Gordon, who proceeded to force him into an "L-Unit" holding cell. *Id.* at ¶¶58-68.

At 11:00 a.m. the same morning, Michigan State Police Officers Goetz and Bowman "falsely arrested" Plaintiff, taking him to the Jackson County Jail where he was charged with four counts of assault and battery against prison officials. *Id.* at ¶¶69-74. Plaintiff alleges that Defendants Goetz and Bowman falsely stated under oath that they videotaped Plaintiff's confession. *Id.* at ¶74. Plaintiff was detained at the Jackson County Jail until June 11, 2001 when a jury returned a not guilty verdict on all charges. *Id.*

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. Where a prisoner complaint is found to be frivolous, it may be subject to dismissal under either Rule 12(b)(1) or 28 U.S.C. §1915(e)(2). "[A] district court may,

at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

### III. ANALYSIS

**A. Statute of Limitations/Tolling**

**i. General Principles**

Section 1983 claims are generally subject to dismissal with prejudice for a failure to file a complaint within three years of the alleged violation. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) held that federal courts should generally apply state personal injury statutes of limitations to § 1983 claims. *See also, Carroll v. Wilkerson,* 782 F.2d 44, 45 (6th Cir.1986). MCLA § 600.5805(10) states that in Michigan, the statute of limitations for personal injury claims is three years.

The Supreme Court has discouraged the widespread use of a court's inherent power to extend the limitation period through equitable tolling. In *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984), the Court held that "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id*. at 151. *See Seay v. TVA*, 339 F.3d 454(6th Cir. 2003) ("Equitable tolling is the exception, not the rule"). and *Johnson v. United States Postal Service*, 863 F.2d 48 (6th Cir. 1998), quoting, *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112

L.Ed.2d 435 (1990) ( "'garden variety neglect' cannot be excused by equitable tolling").

In *Truitt v. County of Wayne,* 148 F.3d 644 (6th Cir 1998 ), the court upheld the district court's refusal to grant equitable tolling citing five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Id.* at 648; *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). The *Truitt* court also noted that "[t]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id.*; *Jarrett v. US Sprint Communications Co.*, 22 F.3d 256, 260 (10th Cir. 1994).

Notwithstanding the fact that courts are discouraged from equitable tolling as a regular matter, §1983 claim deadlines are routinely tolled for a number of other reasons. In *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir. 2000), the court held that the statute of limitations was tolled for the period of time required to complete administrative remedies, reasoning that since 42 U.S.C. § 1997e(a) "unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation," the applicable statute of limitations should be tolled while the prisoner pursues state remedies.

Likewise, *Napier v. Hawthorn Books, Inc.*, 449 F.Supp. 576, 578 (D.C.Mich.,1978), states that "[in] an action in which jurisdiction over the defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of limitation, for during such time the statute has

been tolled." *Id.*; MCL §600.5856 (1)(2).

In addition, the accrual of a statute of limitations period in a §1983 claim can be delayed by a bar on a civil rights action pending a favorable termination of a misconduct ticket or conviction. "A state prisoner may seek federal-court § 1983 damages for unconstitutional conviction or confinement, but only if he has previously established the unlawfulness of his conviction or confinement, as on appeal or on habeas." *Heck v. Humphrey,* 512 U.S. 477, 498, 114 S.Ct. 2364, 2378 (1994)(Souter concurring). "[B]ecause at the time of the federal district court actions there was no state criminal conviction (but an ongoing criminal proceeding), Plaintiffs' § 1983 claim was not ripe." *Dallas v. Holmes,* 137 Fed.Appx. 746, 751 (6th Cir. 2005)(unpublished); *Heck,* 512 U.S. at 486-90, 114 S.Ct. 2364. For that same reason, the statute of limitations period does not accrue as long as a claim is *Heck*-barred. The court in *Peterson Novelties, Inc. v. City of Berkley,* 259 Mich.App. 1, 16, 672 N.W.2d 351, 361 (Mich.App. 2003); *citing to Shamaeizadeh v. Cunigan,*182 F.3d 391, 396 (C.A.6, 1999) noted that "[t]he Sixth Circuit has determined that a § 1983 action that would imply the invalidity of a future conviction does not accrue until the charges against the plaintiff are dismissed."[3]

---

[3] Of course *Heck* does not bar all §1983 actions prior to the favorable termination of a prosecution or disciplinary action arising from the same incident. Distinguishing *Heck*, the Sixth Circuit found that although the inmate's Eighth Amendment claim and the issuance of a major misconduct ticket were precipitated by the same event, "the question of the degree of force used by the prison guard is *analytically distinct* from the question of whether Sharp violated prison rules by keeping his hand in the food slot and thus preventing Sharp from properly closing the food slot." *Nelson v. Sharp,* 1999 WL 520751, *2 (6th Cir. 1999). However, in the present case, as discussed below, the reasonableness of Defendants' actions

### ii. Application to the Present Case

Defendants maintain Eighth, and Fourteenth Amendment claims pertaining to his alleged beating on March 25, 2001 are barred by the three-year statute of limitations, noting that Plaintiff did not file the present action until October, 2005.

Plaintiff's present Complaint, which he signed on October 10, 2005, places his claim outside of the three-year statute of limitations. However, Plaintiff argues that the statute should be tolled for multiple reasons, including the time his March, 2004 claim was pending in state court; during the pendency of his incorrectly filed Western District of Michigan action; and the period prior to the dismissal of the same action on the basis of lack of exhaustion after the case was transferred to this district (*see* Case no. 04-71605).

Although as discussed above, Plaintiff's cause of action accrued on June 11, 2001 rather than on the date of his alleged beating two and a half months earlier, the current complaint, filed over four and one half years after the incident in question is subject to dismissal based on the statute of limitation's expiration. Further, although Plaintiff acknowledges that his efforts to commence the present action were stymied in part by his own lack of acumen, this alone does not account for his failure to make a timely filing.

First, although *Heck* dictates that Plaintiff's cause of action did not accrue until June 11, rather than March 25, 2001, his complaint was still filed one year and four months after

---

is inextricably linked to whether Plaintiff was guilty of assault. Because his claim was *Heck*-barred until his June 11, 2001 acquittal, the statute of limitations began running on that date, rather than on the day of the incident in question (March 21, 2005).

the statute's expiration.  Next, assuming *arguendo* that Plaintiff's first cause of action, incorrectly filed in state court in March, 2004; the second incorrectly filed claim in the Western District of Michigan; and the time the same claim spent in this Court before its dismissal for lack of exhaustion had tolled the statute, his Complaint is still not timely.[4] Between signing the first state Complaint on March 3, 2001 and this Court's dismissal on May 14, 2004, the action would be tolled for approximately ten weeks.  In addition, if the Court were to find the statute tolled for the period between May 14, 2004 and April 5, 2005 while Plaintiff exhausted his administrative remedies (see *Brown v. Morgan, supra,* 209 F.3d at 596), the additional eleven months tacked onto the five month toll created by the *Heck*-bar along with the time between the March, 2004 filing and the May, 2004 dismissal still does not cure the present Complaint's tardiness.

Aside from the fact that Plaintiff committed a number of understandable errors in attempting to file a timely claim, his claim does not appear to be subject to equitable tolling pursuant to *Truitt, supra*.  Although Plaintiff asserts that he held the mistaken belief that he was represented by counsel for a substantial portion of the accrual period, this does not explain why he did not attempt to file a complaint in January, 2004 when first disabused of that mis-perception. *Response to Defendants' Motion to Dismiss, Declaration* at ¶5. Further,

---

[4] However, in and of itself, filing in the wrong court does not state grounds for equitable tolling.  *See Griffin v. Eidson,* 22 Fed.Appx. 393, 394 -396 (6th Cir. 2001)(unpublished) ("Griffin's mistaken belief as to the proper court in which to file this action does not constitute a factor sufficient to invoke the equitable tolling doctrine).

he does not account for his neglect to file an action immediately after his claims were administratively exhausted on April 5, 2005. While the Court is sympathetic to the limitations created by Plaintiff's lack of legal training and his incarceration, I note that he had already prepared and filed a 2004 complaint. He does not explain why he required an extra six months to re-submit the same argument. As stated below, he reserves the right to file objections to this recommendation, including an explanation of his delay in filing this Complaint.

Plaintiff's reticence in making a timely filing is particularly troubling given the facts of this case. A Jackson County, Michigan jury rejected the contention that on the morning of Plaintiff's anticipated departure, without an apparent motive, he refused to sign his release papers then assaulted prison guards. However, based on all of the information provided to the Court, Plaintiff's claims against all Defendants should be dismissed as time-barred.

## IV.  CONCLUSION

I recommend that both motions [Docket #18, 20] be GRANTED, dismissing Plaintiff's action WITH PREJUDICE on the basis that all claims against Defendants are time-barred.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.

The response shall address specifically, and in the same order raised, each issue contained within the objections.

        S/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated: June 27, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 27, 2006.

        S/Gina Wilson
        Judicial Assistant